**In re SWINGLE et al.**

**Patent Appeal No. 3838.**

Court of Customs and Patent Appeals.
Nov. 22, 1937.

Royal R. Rommel, of Washington, D. C., for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner rejecting claims 4, 5, 6, and 7 in appellants' application for a patent for an alleged invention relating to medicated tobacco and a process for making the same.

The references are: De Arellano et al. (British), 135,349, November 27, 1919; Hughes, 1,555,580, Sept. 29, 1925.

Claims 4, 5, and 6 are product claims. They read:

"4. Tobacco treated with menthol in solution in an excess by weight of pine oil, whereby the medicinal qualities of the menthol remain associated with the tobacco and the smoking and medicinal qualities of the tobacco are improved.

"5. As a smoking composition of matter, tobacco, menthol and pine oil, the proportions being by weight approximately:

Tobacco ...................... 94.6 parts.
Pine Oil ...................... 2.5 parts.
Menthol ...................... 0.2 parts.

"6. A composition of matter adapted to be incorporated with tobacco, said composition containing menthol and pine oil in the proportion of substantially 0.4 parts by weight of menthol and 99.6 parts by weight of pine oil."

Claim 7, a process claim, reads: "7. The process of treating tobacco which consists in dissolving menthol in a substance capable of retaining said menthol against rapid dissipation into the atmosphere, said substance being pine oil and having a weight in excess of the weight of the menthol employed."

The British patent to De Arellano et al. relates to "An improved Medicament more particularly for Inhalation," and discloses the use of menthol, pine oil, alcohol, and boracic acid in combination. The patent states that the menthol is dissolved in the alcohol and the pine oil added, and that, after those ingredients are thoroughly mixed, the boracic acid is added. The proportions of the various ingredients are stated in the patent to be about:

Menthol ..................... 40 grains.
Pine oil ..................... 20 drops.
Rectified spirit .............. 1 ounce.
Boracic acid................. 15 grains.

In the use of their inhalant, the patentees contemplated "impregnating any suitable material or substance such as cotton wool or its equivalent for use in connection with any suitable mask or respirator which is intended to be worn over the mouth and nostrils, so that the air inhaled by the person wearing the mask or respirator must pass through the carrier containing this medicament whereby the said medicament is inhaled and passes into and through the lungs, acting as a curative agent."

The patent to Hughes relates to a process for treating cigarette tobacco with a solution consisting of menthol, oil of cassia, and alcohol in approximately the following proportions: Menthol, 2.7 grams; oil of cassia, 0.2 cubic centimeter; and alcohol, 10 cubic centimeters.

The patentee stated that the alcohol served as a solvent for the oils, and that the oil of cassia might be omitted if desired.

In view of the fact that the patent to De Arellano et al. disclosed a medicinal preparation for use as an inhalant, which included menthol and pine oil in somewhat different proportions than taught by appellants, the Board of Appeals was of opinion that it would not amount to invention to apply a solution of menthol and pine oil to tobacco, in view of the disclosure in the patent to Hughes.

In concluding its decision, the Board of Appeals said: "Appellants urge that the composition disclosed by De Arellano et al. does not respond to that claimed because of the lesser amount of pine oil specified. It is contended that there would be insufficient of this material in De Arellano to bond the menthol. We have no convincing evidence that the amount of oil needed for this purpose is in any way critical and that the amount used by De Arellano et al. would be insufficient for the purpose. It seems to us that, inasmuch as the mixture is broadly old, variations in the quantities of the various ingredients are more a matter of choice than of invention."

Although it is conceded in appellants' application that the beneficial effect of pine oil on the respiratory system was well known, it is there stated that it had never been used as a solvent for menthol, and that its ability to retain menthol against rapid dissipation was not known. It was further stated that in treating tobacco with menthol dissolved in pine oil, it was discovered that the tobacco retained the medicinal qualities of the menthol and pine oil over extended periods, even when exposed to the atmosphere.

The formula recommended in appellants' application is 5.33 pounds avoirdupois of pine oil and 3 ounces avoirdupois of menthol to about 100 pounds of tobacco.

It is contended by counsel for appellants that the references do not disclose either appellants' product or the process for making it; that, although it is not claimed that appellants were the first to use menthol in treating tobacco, they were the first to use it in treating tobacco in such manner as to properly retain it against rapid dissipation; that the references do not teach "the bonding of the menthol against its rapid dissipation through the atmosphere"; that variations in the quantities of menthol and pine oil are not a mere matter of choice when the unexpected result obtained by appellants is considered; and that the relative proportions of menthol and pine oil, as defined in the appealed claims (the pine oil being greatly in excess of menthol), are critical as compared with the proportions shown in the patent to De Arellano et al.

It is stated in appellants' application that, when applied to tobacco, *menthol dissolved in pine oil* remains with the tobacco *for a much longer period of time* than when associated with *other solvents* theretofor used in treating tobacco.

The formula recommended in appellants' application, hereinbefore set forth,

does disclose pine oil greatly in excess of menthol. Nevertheless, there is no teaching that such proportions are critical, as compared with those used in the prior art. On the contrary, appellants' specification states that the new and useful results obtained were due mainly to *the use of pine oil,* which, it is stated, "has the three-fold function of *providing a solvent* for the menthol, a *medicinal principle* in the cigarette, and a means for retarding the *rapid dissipation* of the menthol into the atmosphere." (Italics ours.).

It is clearly apparent, we think, that appellants thought their contribution to the art was in the use of the combination of pine oil and menthol in the treatment of tobacco, and that, by using pine oil in excess of menthol, the menthol would *dissipate less rapidly* and a better result would be obtained.

The prior art does not disclose the use of pine oil as a solvent for menthol, nor the use of a solution consisting of *those two elements* in treating tobacco. However, it certainly would not amount to invention to discover that menthol could be dissolved in pine oil. Both of those elements were known, as stated by appellants in their application, to be useful in the treatment of respiratory disorders; we are unable to hold, therefore, that it would amount to invention to combine those two elements disclosed in the reference patent to De Arellano et al., and to omit two of the patentees' ingredients and their functions. See In re Paul Albert Edmand, 39 F.(2d) 723, 17 C.C.P.A.(Patents) 1062.

Appellants have changed the proportions of menthol and pine oil, disclosed in the De Arellano et al. reference, but they do not teach either that the specific proportions stated in the appealed claims or those stated in the recommended formula are critical; that is, that when tobacco is treated with their solution a result is obtained which differs in kind and not in degree only from that which would be obtained by using a solution of menthol and pine oil in the proportions disclosed in the De Arellano et al. reference. We must hold, therefore, that appellants are not entitled to a patent. In re George A. Richter, 53 F.(2d) 525, 19 C.C.P.A.(Patents) 756, 758; In re Lilienfeld, 67 F.(2d) 920, 21 C.C.P.A. (Patents) 792, 797; In re Ayres, 83 F.(2d) 297, 23 C.C.P.A.(Patents) 1118, 1123.

The decision of the Board of Appeals is affirmed.

Affirmed.